**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TP Racing LLLP, | No. CV-18-00391-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| My Way Holdings LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendant My Way Holdings, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and alternative Motion to Dismiss for Improper Venue or Transfer to the District of New Mexico. (Doc. 7.) For the following reasons, the Court denies the Motion to Dismiss for Lack of Personal Jurisdiction, denies the alternative Motion to Dismiss for Improper Venue, and denies the alternative Motion to Transfer.

## BACKGROUND

Plaintiff TP Racing, LLLP ("TPR") is an Arizona corporation operating a horse racing track in Arizona called Turf Paradise. Defendant My Way Holdings, LLC ("MWH") is a Nevada limited liability company whose principal place of business—also a racetrack—is in Sunland Park, New Mexico. MWH's Sunland Park facility receives and transmits "simulcasts" (real-time broadcasts) of horse races to and from other locations around the country. Turf Paradise receives simulcasts from other racetracks, including Sunland Park.

In 2016, a horse at MWH's Sunland Park facility contracted Equine Herpes Virus. After learning of the infection, MWH allegedly failed to take industry-standard precautions, which would have included (1) quarantine of the facility and any horses potentially exposed to the dangerous virus, and (2) notifying other facilities to which horses housed at Sunland Park might be transferred. Horses housed at Sunland Park during that time were subsequently transferred to TPR's Turf Paradise facility in Arizona. TPR alleges that the virus then spread from Sunland Park to Turf Paradise, resulting in the euthanization of one horse and extensive economic losses for TPR when hundreds of owners removed their horses from Turf Paradise.

TPR filed this tort action against MWH in the Superior Court for Maricopa County. MWH then removed the case to this Court. (Doc. 1.) MWH now moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or in the alternative to dismiss for improper venue or transfer venue to the District of New Mexico. (Doc. 7.)

## DISCUSSION

### I.     Legal Standard

Plaintiffs bear the burden of establishing personal jurisdiction. *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). If the district court does not hear testimony or make findings of fact and permits the parties to submit only written materials, the plaintiff meets this burden by making a prima facie showing of jurisdictional facts. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995).

Under this prima facie burden of proof, the plaintiff need only allege facts that if true would support personal jurisdiction over the defendant. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). If the plaintiff survives the motion to dismiss under a prima facie burden of proof, however, the plaintiff still must prove the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977).

## II. Analysis

### A. Personal Jurisdiction Generally

Arizona's long arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States." Thus, resolution of the issues here requires only a Due Process analysis. *See* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).

The Due Process Clause requires that nonresident defendants have sufficient "minimum contacts" with the forum state so that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Clause protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Omeluk*, 52 F.3d at 269–70 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)).

In making a "minimum contacts" analysis, "courts focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 860 (D. Ariz. 1999) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Courts must determine whether the defendant's contacts with the forum are sufficient to support either "general" or "specific" jurisdiction. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–15 nn.8–9 (1984); *Ziegler*, 64 F.3d at 473. TPR alleges that this Court has both specific and general jurisdiction over MWH.

### B. General Personal Jurisdiction

Establishing general personal jurisdiction typically requires that the Defendant have "affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that state." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). Engaging in business *with* a forum rather than *in* a forum is insufficient to create general jurisdiction, and "engaging in commerce with those who do business in the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders."

*Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The bottom line is that generally, the most appropriate locations where general jurisdiction can be exercised over a business are the state in which it is organized and its principal place of business, "[and] [o]nly in an exceptional case will general jurisdiction be available anywhere else." *Ranza*, 793 F.3d at 1069.

The facts here do not present an exceptional case. MWH's contacts with Arizona do not "approximate physical presence in" the state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). MWH does not engage in business or solicit business in Arizona, make sales in Arizona, or hold a license from Arizona. (Doc. 7-1 at 1.) MWH's members—two trusts created in Nevada—have no Arizona ties. The trustees of both are residents or citizens of Virginia. (*Id.*) MWH has not designated an agent for the service of process in Arizona and does not own any real estate, personal property, or other assets in Arizona. (*Id.*) *See also Bancroft*, 223 F.3d at 1086 (listing factors for courts to consider when analyzing a business's contacts with the forum state). From the parties' filings it appears that MWH's only contacts with Arizona are (1) the simulcasts of races broadcast from Sunland Park and (2) allowing transfer of horses from Sunland Park to Turf Paradise.

And those contacts are insufficient by themselves to subject MWH to general jurisdiction in Arizona courts. TPR contends that regular simulcasting is sufficient to establish general jurisdiction by pointing to three cases from other jurisdictions outside this circuit.[1] However, the Ninth Circuit has held that transacting business in a forum through an independent third party is insufficient to establish general personal jurisdiction. In *Congoleum Corp. v. DLW Aktiengesellschaft*, the court concluded that general personal jurisdiction did not exist when the defendant conducted sales and

---

[1] The three cases cited by TPR are distinguishable, *New England Horsemen's Benev. & Protective Ass'n, Inc. v. Rockingham Ventures, Inc.*, No. CIV. A. 97-12701-PBSm, 1999 WL 350653 (D. Mass. Jan. 11, 1999) (simulcasting in addition to other contacts with the forum state); *Waldman v. Delaware Park, L.L.C.*, No. CIV. 00-1136 (AET), 2000 WL 33416863 (D.N.J. May 19, 2000) (same); or inapplicable, *Saratoga Harness Racing Inc. v. Veneglia*, 897 F. Supp. 38, (N.D.N.Y. 1995) (analysis under a New York statute rather than the federal Due Process Clause).

- 4 -

marketing activities in California through an independent consultant. 729 F.2d 1240, 1243 (9th Cir. 1984).

Here, MWH's contacts with Arizona are even less extensive than the *Congoleum* defendant's were with California. MWH's simulcasting agreements are with a third party, Monarch Content Management, LLC—a Delaware corporation based in California. (Doc. 14 at 2). Unlike the third-party consultant in *Congoleum* that was actively involved in soliciting sales, conducting marketing, and growing the defendant's business, Monarch Management simply transmits simulcasts of races to Turf Paradise. *Id.* Monarch does not solicit business or advertise for MWH in Arizona. Like the defendant in *Congoleum*, MWH's contacts with the forum state through an independent third party are insufficient to subject MWH to general personal jurisdiction in Arizona.

## C. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to the state's specific jurisdiction. Specific jurisdiction exists only if (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directed conduct at the forum that had effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is reasonable. *See, e.g., Schwarzenegger*, 374 F.3d at 802 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). The plaintiff must satisfy the first two prongs of the test. *Id.* If it does so, a presumption of reasonableness arises, and the defendant must then make a "compelling case" that jurisdiction would not be reasonable. *Haisten v. Grass Valley Medical Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986).

Under the first prong, courts apply a "purposeful direction" analysis to tort cases. *Id.* A defendant "purposefully directs" his action at a forum when he "engage[s] in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft,* 223 F.3d at 1087. On the facts alleged in the Complaint, which

we take for purposes of this motion to be true, MWH purposefully directed its action at Arizona by targeting a known Arizona resident and business rival—TPR. (Doc. 1-1 at ¶¶ 17–20.) TPR alleges that MWH intentionally failed to inform TPR of the infection spreading at Sunland Park, knowing that some of the horses that were exposed to the virus were being transferred to Turf Paradise. (Doc. 1-1 at ¶¶ 35–42.) MWH was aware that TPR's facility was located in Arizona. (Doc. 1-1 at ¶ 39.) Under the facts alleged in the complaint, MWH's "purposely directed" its conduct at Arizona.

The second prong requires that TPR's alleged injury "arise out of" MWH's forum-related activities. In deciding whether TPR's claims "arise out of" MWH's local conduct, this circuit applies a "but for" test. That is, TPR must show that it would not have suffered an injury "but for" MWH's forum-related conduct. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001) (internal citations omitted). TPR has alleged facts sufficient to meet this test: the allegations demonstrate that TPR's injuries arise out of MWH's knowing failure to institute quarantine and notify TPR of the spreading virus. (Doc. 1-1 at ¶¶ 33–38.) TPR's alleged injuries in this case would not have arisen but for MWH's actions. Therefore, TPR has alleged sufficient facts to establish the first two prongs of the test.

The burden now shifts to MWH to make a compelling case that the exercise of jurisdiction by this Court in this case would nevertheless be unreasonable. *See Haisten*, 784 F.2d at 1397. MWH has failed to do so. When determining the reasonableness of exercising jurisdiction over a defendant, courts in this circuit analyze

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1115 (9th Cir. 2002).

*Purposeful Injection*. The Ninth Circuit has noted that a conclusion that the defendant purposefully directed its conduct toward a forum state "militates against use of

- 6 -

the purposeful interjection factor on the [defendant's] behalf." *Haisten*, 784 F.2d at 1401. MWH offers no reason here to deviate from that norm. This factor favors jurisdiction in Arizona.

*Defendant's Burden*. While forcing MWH to litigate in Arizona would constitute a burden because they are not located in the state, "this factor is not dispositive." *Dole*, 303 F.3d at 1115. Defendants cite no special circumstances that would make litigating this suit in Arizona a burden sufficient to make the exercise of jurisdiction over them unreasonable.

*Conflict with the Sovereignty of Defendant's State*. This factor also does not help MWH. MWH has cited no reasons why the exercise of jurisdiction by Arizona courts would conflict with the sovereignty of New Mexico.

*Arizona's Interest*. Arizona has a strong interest in vindicating the rights of its citizens who are tortiously injured. The location of TPR's injury is in Arizona. This factor supports jurisdiction there.

*Efficient Resolution*. This factor does not point strongly toward either Arizona or New Mexico. The allegations in this case suggest that discovery would need to be done in both states—New Mexico as the place where the alleged tortious actions took place, and Arizona as the location of the alleged injury.

*Convenience to TPR*. "In this circuit, the plaintiff's convenience is not of paramount importance." *Id.* That being said, it is clear from the record that it would be most convenient for TPR, an Arizona corporation with its principal place of business also in that state, to litigate the case in Arizona.

*Alternative Forum*. In this case, there is a clear alternative forum: the District of New Mexico. However, New Mexico is not so much more convenient a forum that jurisdiction in Arizona would be unreasonable.

MWH has not made a compelling case demonstrating that jurisdiction would be unreasonable as required by Ninth Circuit law. *Haisten*, 784 F.2d at 1397. Specific personal jurisdiction over MWH is appropriate.

### D.    Venue

Defendants move in the alternative to dismiss for improper venue or to transfer venue to the District of New Mexico.  (Doc. 7 at 8.)  Venue is generally determined under 28 U.S.C. § 1391.  However, when a case has been removed from state to federal court, 28 U.S.C. § 1441(a) governs questions of venue.  *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("[O]n the question of venue, Section 1391 has no application to this case because it is a removed action.  The venue of removed actions is governed by 28 U.S.C. § 1441(a).").  That section provides:

> (a) . . . Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

This case was originally filed in the Superior Court for Maricopa County and then properly removed to this court.  Since this Court "embrac[es] the place" where the action was filed, venue here is proper.  *See Polizzi*, 345 U.S. at 666.

After considering "the convenience of the parties and witnesses . . . [and] the interest of justice[,]" it is not clear to this Court that transfer is appropriate.  *See* 28 U.S.C. § 1404.  Although much discovery regarding the claims will undoubtedly center on New Mexico, discovery regarding damages will likely focus on Arizona.  Decisions regarding transfer under section 1404 are discretionary and are made on a case-by-case basis.  *Stewart Org., Inc. v. Ricoh Corp.*, 486 U.S. 22, 29 (1988).  The Ninth Circuit has established a non-exclusive list of factors for courts to consider when deciding whether to transfer.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (listing factors for courts to consider).  Consideration of the relevant factors does not suggest that transfer is required here.

*Plaintiff's Choice of Forum.*  Plaintiffs' choice of forum is usually given great deference.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  TPR chose to file this action in Arizona, so this factor counsels against transfer.

/ / /

*Parties' Contacts with Forum*.  While TPR has significant contacts with Arizona, MWH does not.  Conversely, MWH has significant contacts with New Mexico, but TRP apparently does not.  This factor does not favor either transfer or retaining the case.

*Ease of Access to Evidence*.  TPR's facility is located in Arizona, and much of the discovery regarding damages will have to be done in Arizona.  MWH's facility, where the alleged tortious conduct took place, is in New Mexico, and much of the discovery regarding the claims will take place there.  This factor also does not weigh heavily in favor of either forum.

*Costs of Litigation*.  As with the previous factor, this factor does not weigh heavily in favor of New Mexico or Arizona.  This action will require travel for one side regardless of which forum is chosen.  It is not clear to this Court that costs for one side will be unacceptably large.

Other factors do not shed helpful light on the transfer question.  On balance, the factors considered do not weigh in favor of transfer to the District of New Mexico.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant My Way Holdings, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Alternative Motion to Dismiss for Improper Venue (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the Alternative Motion to Transfer Venue to the District of New Mexico (Doc. 7) is **DENIED**.

Dated this 28th day of September, 2018.

G. Murray Snow
Chief United States District Judge